## Jaffe, Appellant, *v.* Cooperman.

*Judgment—Opening judgment—Discretion of court—Review.*

The Supreme Court will not review the discretion of the lower court in opening a judgment in ejectment against a minor entered in default of a plea or answer, where the guardian ad litem of the minor petitioned the court to open the judgment on the ground that the default had occurred through the absence of counsel on vacation, and the guardian alleged a just and true defense, and supported his petition and allegations by proof which was passed upon by the court and made the basis of its action.

Argued Jan. 17, 1911. Appeal, No. 349, Jan. T., 1910, by plaintiff, from order of C. P. No. 4, Phila. Co., June T.,

1909, No. 3,290, making absolute rule to open judgment in case of Peter Jaffe v. Nathan Cooperman et al.   Before Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ.   Affirmed.

Petition to open judgment.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule to open judgment.

*Charles L. Smyth,* for appellant.

*Jacob Weinstein,* with him *M. B. Elwert,* for appellees.

Per Curiam, April 10, 1911:

In this action of ejectment judgment was taken against Israel H. Cooperman, one of the defendants, in default of a plea or answer.   He was a minor, for whom a guardian ad litem had been appointed.   The judgment by default was taken on July 21, 1910, and; on the 28th of the same month, application was made to have it stricken off. This was denied on September 20, 1910, and three days later a petition was presented by the guardian ad litem, asking that the judgment be opened.   The petition set forth that the plea and answer had not been filed within the required time because counsel for the petitioner was absent on his vacation when they ought to have been filed, and there was an averment of a just, true, full and legal defense to the action.   To this an answer was filed, and, after depositions had been taken in support of the petition, the judgment was opened.   No opinion was filed giving the reason which induced the court to exercise its discretion in relieving the defendant from the judgment taken against him by default, but it may be assumed that it regarded the averments in the petition as sufficiently sustained.   We have not been persuaded that its discretion was abused in opening the judgment, and the appeal is dismissed at appellant's costs.